1
2
3
4
5
6
7

8                 **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| HERMAN JOSEPH SMITH, | ) Case No. 1:15-cv-01724-AWI-SAB (PC) |
| Plaintiff, | ) |
| | ) **ORDER DISMISSING COMPLAINT, WITH** |
| v. | ) **LEAVE TO AMEND, FOR FAILURE TO STATE** |
| | ) **A COGNIZABLE CLAIM FOR RELIEF** |
| NORM KRAMER, et al., | ) |
| | ) [ECF No. 1] |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff Herman Joseph Smith is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.   Pending before the Court is Plaintiff's complaint filed on November 16, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per.   28 U.S.C. § 1915A(a).   Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Norm Kramer (former Executive Director of State Mental Health Facilities), Pam Ahlin (Executive Director of State Hospital), Audrey King (former Director of State Hospital), Cliff Allenby, Stephen Mayberg, Jerry Brown, and the Fresno Board of Supervisors, as Defendants in this action.

Plaintiff is an African-American male who is civilly detained under the Sexually Violent Predator Act and is housed at Coalinga State Hospital (CSH).  Plaintiff has resided at CSH since 2004.

Plaintiff alleges that when he was transferred to CSH, he was not informed about Valley Fever (Coccidioidomycosis), a sometimes fatal fungal disease which poses a serious health care concern. Plaintiff was neither informed of the dangers nor informed of preventative measures.

///

2

Plaintiff contends that Defendants had specific scientific and medical knowledge of the dangers of Valley Fever from the events at Pleasant Valley State Prison (PVSP) as far back to 1991 and 2002.  The location of the prison is less than two football fields away from the hospital.  At the prison, there has been over a hundred or more infections, and ten or more inmates and a few employees died from the infection.

The hospital's medical support services substantially depart from the generally accepted and prudent risk management practices of care.  These practices expose patients, such as Plaintiff, and employees to significant risk, and in some cases actual physical infection of the Valley Fever spores.  Defendants have faltered and continue to refuse to assess individual daily residing at the facility to ascertain whether any patient is suffering from Valley Fever spores.  If patients are infected they should be placed in available treatment centers.

"The negligent and deliberate acts, omissions, failed policies of operation and practices, and reckless attitude of state officials at CDSH and CSH are liable for any direct and indirect cause of injuries to Plaintiff."  (ECF No. 1, Compl. at ¶ 23.)   Plaintiff has been denied the right to sufficient protective treatment and knowledge of the disease prior to, or at any time during his incarceration at the hospital.  (Id. ¶ 26.)

Plaintiff alleges causes of action for deliberate indifference under the Eighth Amendment, negligence under California Government Code section 854.8(d)[1], failure to provide adequate facility equipment and personnel under California Government Code section 855, and abuse of dependent adults under California Government Code section 854.5(d) and Welfare and Institutions Code section 15600, et seq.

### III.

### DISCUSSION

#### A.      Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

---

[1] Plaintiff cites California Government Code section 845.5(d), however there is no such section.  It appears that Plaintiff is referring to section 854.8(d), which sets for the liability of a public entity.

(9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934.  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**B.     Exposure to Valley Fever**

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face.  <u>Id.</u> at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  <u>Youngberg</u>, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  <u>Youngberg</u>, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  <u>Id.</u> at 322-23; <u>compare</u> <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the <u>Youngberg</u> standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of

4

conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff is seeking damages and he is limited to suing Defendants in their personal, or individual, capacities, Brown v. Oregon Dept. of Corr., 751 F.3d 983, 988-989 (9th Cir. 2014), which requires he allege facts linking each defendant's action or omission to a violation of his rights, e.g., Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1074-1075 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-916 (9th Cir. 2012) (en banc).  There must be a causal connection between the violation alleged and each defendant's conduct.  Crowley, 734 F.3d at 977; Lemire, 726 F.3d at 1074-1075; Lacey, 693 F.3d at 915-916.  Official capacity claims against former state officials are barred as a matter of law, Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999), and Plaintiff is precluded from pursuing his damages claims against current state officials in their official capacities, Brown, 751 F.3d at 988-989; Aholelei v. Dep's of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Here, Plaintiff's complaint lacks specific allegations supporting his claim that any of the named Defendants knowingly subjected Plaintiff to punitive conditions placing his health and safety in jeopardy.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  General allegations about the dangerous conditions at CSH and the failure to protect Plaintiff from those conditions or risks, are not sufficient to support a constitutional claim.  Due to the fact that Plaintiff may be able to cure the deficiencies in his claims, the Court will grant leave to amend.

**C.    Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

**D.    Fresno Board of Supervisors**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 298 F.3d 930, 934 (9th Cir. 2002).  Municipalities are considered persons under section 1983 and may be liable for causing a constitutional deprivation, if the municipality's policy or custom inflicted the injury.  <u>Waggy v. Spokane County Washington</u>, 594 F.3d 707, 713 (9th Cir. 2010) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978) and <u>Long</u>, 442 F.3d at 1185 (quotation marks omitted).

In this instance, Plaintiff's complaint is devoid of any facts support a claim against the Fresno Board of Supervisors.  Accordingly, Plaintiff cannot seek liability against the Fresno Board of Supervisors.

### E.    Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 208-13 (1998); <u>Simmons v. Navajo Cnty.</u>, 609 F.3d 1011, 1021-22 (9th Cir. 2010); <u>Pierce v. Cnty. of Orange</u>, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002); <u>accord</u> <u>Simmons</u>, 609 F.3d at 1021; <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities at CSH by reason of his disability.  To the contrary, the incidents giving rise to this lawsuit appear related solely to the alleged failure to protect from exposure to Valley Fever.  Accordingly, Plaintiff fails to state a claim under the ADA.

6

**F.      State Law Claims**

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  In other words, if Plaintiff fails to state a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims.

# IV.

## CONCLUSION AND ORDER

Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed November 16, 2015, is dismissed for failure to state a

1    cognizable claim for relief;

2    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

3          amended complaint;

4    4.    Plaintiff's amended complaint shall not exceed twenty-five pages in length; and

5    5.    If Plaintiff fails to file an amended complaint in compliance with this order, this action

6          will be dismissed for failure to state a claim.

7

8    IT IS SO ORDERED.

9    Dated:    **May 4, 2016**

10                                        UNITED STATES MAGISTRATE JUDGE