UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN JOSEPH SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORM KRAMER, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01724-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Herman Joseph Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States magistrate judge jurisdiction, therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed July 5, 2016. (ECF No. 10.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a civil detainee housed at Coalinga State Hospital and brings this action against Cliff Allenby, Executive Director of the California Department State Hospital.

Plaintiff is an African-American male who is civilly detained under the Sexually Violent Predator Act (SVPA). Plaintiff has resided at Coalinga State Hospital since 2008.

Defendant has failed to exercise reasonable care and provide medical treatment as required by the law. Defendant had direct and specific scientific and medical knowledge of the danger disease of Coccidiodomycosis (also known as Valley Fever) at Coalinga State Hospital, and refuses to take any responsibility for the placement of Plaintiff in an environment that is dangerous to his health.

Defendant deliberately denies patients, such as Plaintiff, protective measures and accommodations to protect against Valley Fever. As a proximate cause of Defendant's decision making, Plaintiff is held in an environment that could potentially cause him to experience a permanent crippling physical injury if he is infected with Valley Fever. Plaintiff claims that his treatment at the hospital is conducted with negligence, recklessness, and deliberate indifference toward his health and safety as a civilly dependent adult. As a proximate result of the negligence of Defendant's decision making, Plaintiff is held in an environment that could potentially cause him to experience a permanent crippling physical injury if he is infected.

Specifically, the ventilation system is defective because it does not provide clean air to circulate to the housing areas. Over the years, Defendant's maintenance service has failed to conduct regular inspections as to how often the system is cleaned and repaired. Defendant has failed to provide dusk masks to prevent infection.

## III.

## DISCUSSION

### A. Exposure to Valley Fever

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or

standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff is seeking damages and he is limited to suing Defendant in his personal, or individual, capacities, Brown v. Oregon Dept. of Corr., 751 F.3d 983, 988-989 (9th Cir. 2014), which requires he allege facts linking each defendant's action or omission to a violation of his rights, e.g., Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1074-1075 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-916 (9th Cir. 2012) (en banc).  There must be a causal connection between the violation alleged and each defendant's conduct.  Crowley, 734 F.3d at 977; Lemire, 726 F.3d at 1074-1075; Lacey, 693 F.3d at 915-916. Official capacity claims against former state officials are barred as a matter of law, Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999), and Plaintiff is precluded from pursuing his damages claims against current state officials in their official capacities, Brown, 751 F.3d at 988-989; Aholelei v. Dep's of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Here, as with the original complaint, Plaintiff's amended complaint lacks specific allegations supporting his claim that Defendant Allenby knowingly subjected Plaintiff to punitive conditions placing his health and safety in jeopardy. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. As stated in the Court's May 5, 2016, screening order, general allegations about the dangerous conditions at Coalinga State Hospital and the failure to protect Plaintiff from those conditions or risks, are not sufficient to support a constitutional claim. Plaintiff has failed to demonstrate that Defendant Allenby was aware that Plaintiff because of his particular circumstances is at high risk of contracting Valley Fever spores, and yet ignored that risk to Plaintiff and failed to take steps to protect him from such risk. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by

the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, Plaintiff's first amended complaint should be dismissed, with prejudice, for failure to state a cognizable claim for relief.

### B. State Law Claims

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In other words, if Plaintiff fails to state a viable federal claim in his amended complaint, and the Court will not exercise supplemental jurisdiction over his state law claims. Therefore, the Court recommends that because no federal cause of action exists that it should not exercise supplemental jurisdiction over any state law claims.

## IV.
## RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under § 1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, with prejudice, for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2016**

UNITED STATES MAGISTRATE JUDGE